Dated at New Haven, Connecticut, this 27th day of March, 1989.

**David DOE, et al.**

v.

**Larry R. MEACHUM, et al.**

**Civ. No. H–88–562 (PCD).**

United States District Court,
D. Connecticut.

April 21, 1989.

Shelley Geballe, Martha Stone, Connecticut Civ. Liberties Union Foundation, Hartford, Conn., J.L. Pottenger, Jr., Jerome N. Frank, Legal Services Organization, New Haven, Conn., for plaintiffs.

Stephen O'Neill, Steve Strom, Richard Couture, Asst. Attys. Gen., Hartford, Conn., for defendant.

## ORDER

DORSEY, District Judge.

Absent objection, the magistrate's opinion is accepted and approved.

SO ORDERED.

## RULING ON FOUR MOTIONS FOR RECONSIDERATION

JOAN GLAZER MARGOLIS, United States Magistrate.

On March 27, 1989 and March 30, 1989, plaintiffs filed two motions for full or partial reconsideration of two recent rulings issued by the Magistate (*see* Dkt. ## 124 and 128); on March 31, 1989, defendants filed two requests for partial reconsideration of two recent rulings issued by the Magistrate (*see* Dkt. ## 125 and 126). An impromptu conference was held on these four motions late in the afternoon on Friday, March 31, 1989.

## A. PARTIAL RECONSIDERATION OF MARCH 22, 1989 DISCOVERY RULING

By agreement of counsel at the March 31, 1989 conference, defendants will produce the medical/mental health records of

members of the plaintiff-class who are not currently incarcerated when such individuals have been specifically identified by plaintiffs, without waiving defendants' right to object to production thereof with respect to the burdensomeness of any individual list submitted to them or cumulation of lists.

### B. PARTIAL RECONSIDERATION OF MARCH 27, 1989 PROTECTIVE ORDER RULING

By agreement of counsel at the March 31, 1989 conference, the first full sentence on p. 5 of Dkt. # 122 shall be modified as follows: "Similarly, to the extent information develops during the course of the hearing on plaintiffs' motion for preliminary injunction, about which defense counsel wishes to make immediate inquiry, the requirements of ¶ 3 are waived, so long as the recipient of the disclosed information has read or is read the Protective Order and signs the acknowledgement form prior to the disclosure or within a reasonable time thereafter." In addition, to the extent there is no notary public or attorney reasonably available to take the recipient's oath on the acknowledgement form, the recipient may make a sworn declaration under penalty of perjury, pursuant to 18 U.S.C. § 1621.

### C. FULL OR PARTIAL RECONSIDERATION OF MARCH 27, 1989 RULING ON TESTIMONY IN CHAMBERS

In an affidavit placed under seal, plaintiff Gary Roe argues that "it is somehow demeaning and makes me feel like a freak" if he is compelled to appear in court in a disguise and also expresses concern that his wife's employment could be placed into jeopardy if his illness were to become known in the community. He further fears that his children might become stigmatized as well.

As expressed in Dkt. # 123, in resolving this sensitive issue, this Court must balance plaintiffs' significant privacy interests against the First Amendment right of the public and of the press to attend judicial

proceedings. As justifiable as plaintiff Roe's concerns are in a society which unfortunately treats AIDS victims and their families as pariahs, his circumstances are simply not "so unusual" as to require reconsideration of the March 27, 1989 ruling.[1]

Defendants request partial reconsideration of the prohibition against "testimony of a sufficiently detailed nature to compromise [plaintiffs'] identities." While the Court has no desire to unduly curtail defendants' ability to cross-examine witnesses or offer rebuttal evidence, as discussed at the March 31, 1989 conference, clarification of this language can only be accomplished, painstakingly, on a question-by-question basis at the preliminary injunction hearing.

### D. CONCLUSION

Accordingly, Dkt. ## 124 and 128 are granted to the extent set forth in Parts A & B *supra*. Dkt. ## 125 and 126 are denied for the reasons set forth in Part C *supra*.

*See* 28 U.S.C. Section 636(b) (written objections to ruling must be filed within ten days after service of same); F.R.Civ.P. 72; Rule 2 of the Local Rules for United States Magistrates, United States District Court for the District of Connecticut.

Dated at New Haven, Connecticut, this 3rd day of April, 1989.

---

**1.** Plaintiffs may renew this motion by submitting affidavits from other witnesses prior to

taking their testimony.